J. S63035/17

NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| PHARES L. HUBER, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | No. 536 WDA 2017 |
| | : | |
| ROGER S. SMITH | : | |

Appeal from the Judgment Entered June 26, 2017,
in the Court of Common Pleas of Clearfield County
Civil Division at No. 16-235-CD

BEFORE:  BOWES, J., SOLANO, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        FILED NOVEMBER 13, 2017

Phares L. Huber appeals from the June 26, 2017 judgment entered in favor of Roger S. Smith ("Smith") and against appellant. [1]  We affirm.

The trial court set forth the following factual and procedural history:

> [Appellant] and [Smith] were at one point involved in a romantic relationship, which dissolved some time prior to the present civil suit.  During their years-long relationship, [appellant] and [Smith] cohabitated with one another in Lancaster County, Pennsylvania.  On or about January 19, 2012, [Smith] purchased a smooth collie dog from an Amish Farm.  [Smith] thereafter took care of the dog, and has taken care of the dog from January 19, 2012 to present.  Although [appellant] provided

---

[1] Appellant's brief incorrectly indicates that appellant appeals from the March 3, 2017 order that dismissed his motion for post-trial relief. (Appellant's brief at 2.)  An appeal, however, properly lies from the entry of judgment, not from an order denying post-trial motions.  See Hart v. Arnold, 884 A.2d 316, 343 n.1 (Pa.Super. 2005) (citation omitted).

financial support for the dog from time to time, [Smith] has always remained the owner of the dog.

Because [appellant] had in some instances paid for the dog's expenses, after the parties ended their relationship, [appellant] requested that [Smith] compensate him for all financial support related to the dog. [Smith] complied by paying [appellant] $1,300.00 by check dated April 15, 2015 and $2,700.00 by check dated April 25, 2015. Upon final payment, [Smith] believed he was no longer indebted to [appellant] and was free to take the dog with him upon his relocation out of [appellant's] residence.

[Smith] moved out of [appellant's] residence on or about May 6, 2015 and relocated to Clearfield County, Pennsylvania. On February 17, 2016, [appellant] commenced the instant civil action by filing a Complaint, wherein [appellant] requests that [Smith] return the dog to [appellant]. [Appellant] asserts causes of action in replevin and conversion. A civil non-jury trial was held before this Court on January 20, 2017, following which the parties were ordered to submit briefs in support of their respective positions.

Trial court opinion, 2/22/17 at 1-2.

The record reflects that on February 22, 2017, the trial court entered an order that dismissed appellant's complaint with prejudice and directed that Smith retain ownership and possession of the dog. On March 6, 2017,

appellant filed a timely post-trial motion pursuant to Pa.R.Civ.P. 227.1.[2]  On March 16, 2017, the trial court dismissed appellant's motion for post-trial relief.  On April 5, 2017, appellant filed a notice of appeal to this court. Pursuant to Pa.R.A.P. 1925(b), the trial court then ordered appellant to file concise statement of errors complained of on appeal with 21 days.  Appellant timely complied.  Because judgment had not been entered on the trial court docket, however, this court entered a rule-to-show-cause order on June 13, 2017 that directed appellant to praecipe the trial court prothonotary to enter judgment within 14 days.  Appellant timely complied.  Judgment was entered on June 26, 2017.  This court then discharged the show-cause order.  This appeal is now ripe for our review.

Appellant raises the following issue:  "Does the record establish as a matter of law that [appellant] is the lawful owner of the dog?"  (Appellant's brief at 4.)

> Our scope of review is quite limited in cases in which the verdict of the trial judge is called into question. We are bound by the findings of the trial court which have adequate support in the record, as long as the findings do not evidence capricious disregard for competent and credible evidence.

---

[2] We note that Pa.R.Civ.P. 227.1 requires that "[p]ost-trial motions shall be filed within ten days after . . . the filing of the decision in the case of a trial without a jury."  Pa.R.Civ.P. 227.1(c)(1).  Because the tenth day following the trial court's decision fell on Saturday, March 4, 2017, appellant timely filed his post-trial motion on Monday, March 6, 2017.  See Pa.R.Civ.P. 106(b) ("[w]henever the last day of [any period of time referred to in any rule] shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation [of time].").

> In a nonjury trial, the trial judge sits as the finder of fact. The weight to be assigned the testimony of the witnesses is within the exclusive province of the fact-finder. The trial court, as sole assessor of credibility, may believe all, part or none of the evidence presented. Absent an abuse of discretion we will not disturb a trial court's findings of fact if they are supported by the record.

Lou Botti Constr. V. Harbulak, 760 A.2d 896, 898 (Pa.Super. 2000) (internal citations omitted).

Here, the trial court entered judgment in favor of Smith and against appellant because:

> [w]hile both parties claimed ownership of the dog during the non-jury trial for this case, the Court did not find [appellant's] testimony to be credible for a number of reasons. First, [appellant] did not license the dog in Lancaster County until after [Smith] had moved out of [appellant's] residence with the dog. [Smith], however, had licensed the dog in Lancaster County for the years 2014 and 2015, and then in Clearfield County for the years 2016 and 2017. Further, although both parties claimed to have taken the dog to various veterinarian appointments and paying for the services rendered, following the parties' separation, [appellant] requested that [Smith] pay him back for all veterinary fees associated with the dog. If [appellant] had actually owned the dog, it would seem unlikely that he would have requested payment for the expenses related to the care of his own property. Rather, it seems as though [appellant] wished to be reimbursed for the expenses because he believed that those expenses had been accrued in support of [Smith's] property.
>
> [Smith's] testimony, as opposed to [appellant's], appeared credible to the Court. Moreover, [Smith's] testimony was overall consistent with claims of ownership of the dog; namely, that [Smith] cared

> for, licensed, and financially supported the dog.
> Thus, the Court cannot grant [appellant's] claims for
> either replevin or conversion, as the Court does not
> believe [appellant] had ownership rights or a
> possessory interest in the dog.

Trial court opinion, 2/22/17 at 3-4.

We have carefully reviewed the record in this case. The record supports the trial court's factual findings. Moreover, the trial court, as sole assessor of credibility, was free to believe Smith's testimony over appellant's testimony. We discern no abuse of discretion.

Judgment affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>11/13/2017</u>